770 N.W.2d 645 (2009)
278 Neb. 385
STATE of Nebraska ex rel. Counsel for Discipline of the Nebraska Supreme Court, relator,
v.
Jeanelle S. KLEVELAND, respondent.
No. S-09-115.
Supreme Court of Nebraska.
August 21, 2009.
HEAVICAN, C.J., and WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
*646 PER CURIAM.

INTRODUCTION
Respondent, Jeanelle S. Kleveland, was admitted to the practice of law in the State of Nebraska on April 30, 1984, and at all times relevant was engaged in the private practice of law in Lincoln, Nebraska. On February 3, 2009, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent. The formal charges set forth one count that included charges that by her conduct occurring prior to September 1, 2005, respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102 (misconduct), and Canon 6, DR 6-101 (failing to act competently), as well as her oath of office as an attorney, Neb.Rev.Stat. § 7-104 (Reissue 2007). Further, the charges alleged that by her conduct occurring after September 1, 2005, respondent violated the following provisions of the Nebraska Rules of Professional Conduct: Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (competence) and 3-508.4 (misconduct), as well as her oath of office as an attorney, § 7-104.
On June 1, 2009, respondent filed a conditional admission under Neb. Ct. R. § 3-313 in which she knowingly did not challenge or contest the facts set forth in the formal charges and waived all proceedings against her in connection therewith in exchange for a stated form of consent judgment of discipline which is 60 days' suspension. Upon due consideration, the court approves the conditional admission.

FACTS
In summary, the formal charges stated that on October 24, 2002, respondent filed suit in the district court for Lancaster County on behalf of Rick Perry pursuant to 42 U.S.C. § 1983 (2006). Respondent named as defendants the "Nebraska Department of Corrections" and 14 individual defendants, personally and in their official capacities. The petition claimed that Perry was injured by the defendants' deliberate indifference to his medical needs while he was incarcerated. Perry sought damages in the amount of $1,000,000.
Prior to filing this lawsuit, respondent had never represented an individual in a § 1983 action, and the formal charges claimed that she was not competent to handle the suit without associating with a lawyer who was competent in this area. At no time during her representation of Perry did respondent associate with a lawyer who was competent to handle the case. The formal charges further allege that prior to filing the suit, respondent failed to adequately prepare either by research or by education and was unprepared during the pendency of the suit.
On November 22, 2002, the defendants appeared by special appearances, which were sustained because respondent had not adequately served defendants. Also on November 22, the defendants' demurrers were sustained and respondent was given 14 days to file an amended petition. Respondent did not file an amended petition in 2002 or 2003.
On December 18, 2003, the district court issued an order to show cause, by January 18, 2004, why Perry's case should not be dismissed for want of prosecution. On January 20, respondent filed Perry's first amended petition and the case was removed from the dismissal docket.
On February 11, 2004, the Attorney General's office filed a motion to dismiss as to most of the defendants. A hearing on the motion was held on March 19. On May 3, 2004, the court sustained the motion to dismiss and respondent was given 21 days to file a second amended petition. In its May 3 order, the court stated that although certain named individuals were *647 sued in their individual and official capacities, none of the named individuals had been properly served in their official capacities, and that therefore, the court dismissed the suit against the defendants in their official capacities.
Respondent did not file a second amended petition within the time the court had provided. On December 14, 2004, the court issued another order to show cause why Perry's case should not be dismissed for want of prosecution. On January 14, 2005, respondent filed a second amended petition. On January 26, defendants filed a demurrer to the second amended petition. The demurrer was sustained on February 4, and respondent was given 14 days to file a third amended petition. Respondent filed the third amended petition on February 18.
On March 2, 2005, the defendants filed a demurrer to the third amended petition, which demurrer was sustained on March 28, 2005. In its order, the court reiterated that Perry's petition was dismissed as to all state officials sued in their official capacities. The court also dismissed two defendants because there were no specific allegations of conduct by them relating to Perry's injuries, and it dismissed one defendant because he had not been served within 6 months.
On April 19, 2005, the Attorney General's office filed a motion for summary judgment, which was sustained as to all of the remaining defendants except one, a unit caseworker. Trial was held on January 10 and 11, 2006. In its order of May 9, 2006, the court stated that it was clear that the medical care provided to Perry was deficient but that the deficient care was not attributable to the unit caseworker, because he was a layperson who could not be expected to recognize the seriousness of Perry's conditions.
The formal charges allege that throughout the pendency of the suit, respondent repeatedly neglected the case.

ANALYSIS
Section 3-313 provides in pertinent part:
(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.
Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the formal charges, which we now deem to be established facts, and we further find that by her conduct prior to September 1, 2005, respondent violated DR 1-102 and DR 6-101 of the Code of Professional Responsibility, as well as her oath of office as an attorney licensed to practice law in the State of Nebraska. Further, by her conduct after September 1, 2005, respondent violated §§ 3-501.1 and 3-508.4, as well as her oath of office as an attorney licensed to *648 practice law in the State of Nebraska. Respondent has waived all additional proceedings against her in connection herewith, and upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

CONCLUSION
Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that by her conduct prior to September 1, 2005, respondent violated DR 1-102 and DR 6-101 of the Code of Professional Responsibility, as well as her oath of office as an attorney licensed to practice law in the State of Nebraska. Further, by her conduct after September 1, 2005, respondent violated §§ 3-501.1 and 3-508.4, as well as her oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent should be, and hereby is, suspended from the practice of law for a period of 60 days, effective 30 days after the filing of this opinion. Respondent shall comply with Neb. Ct. R. § 3-316, and upon failure to do so, she shall be subject to punishment for contempt of this court. Respondent is also directed to pay costs and expenses in accordance with Neb.Rev. Stat. §§ 7-114 and 7-115 (Reissue 2007) and Neb. Ct. R. §§ 3-310(P) and 3-323(B) within 60 days after the order imposing costs and expenses, if any, is entered by the court.
JUDGMENT OF SUSPENSION.